UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM Z.,[1]

   **Plaintiff,**

 v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

   **Defendant.**

Case No. 1:21-cv-3715
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff William Z. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I. PROCEDURAL HISTORY**

On March 22, 2019, Plaintiff filed his application for benefits, alleging that he has been disabled since June 1, 2016. R. 59, 69, 165–71. The application was denied initially and upon

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

reconsideration. R. 70–74, 78–80. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 81–83. Administrative Law Judge ("ALJ") Kevin Kenneally held a hearing on June 25, 2020, during which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 27–51. In a decision dated July 31, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 22, 2019, Plaintiff's alleged disability onset date, through the date of that decision. R. 15–22. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on December 4, 2020. R. 3–8. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On May 4, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 17.[3] On that same day, the case was reassigned to the undersigned. ECF No. 18. The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

> record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explained:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 31 years old on the date on which his application was filed. R. R. 20. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between March 22, 2019, his alleged disability onset date, and the date of the decision. R. 17.

At step two, the ALJ found that Plaintiff's epilepsy, gastritis with ulcers, and obesity were severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 17–18.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 18–20. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a material handler. R. 20.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g.,* jobs as a ticket counter, information clerk, and call out operator–existed in the national economy and could be performed by Plaintiff. R. 21. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 22, 2019, the application date, through the date of the decision. R. 21–22.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 15. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the

entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16.

IV.  **SUMMARY OF RELEVANT MEDICAL EVIDENCE**

In June 2020, Musaid Khan, M.D., Plaintiff's treating physician and Diplomate of the American Board of Psychiatry and Neurology, completed a four-page, fill-in-the-blank, and check-the-box form entitled, "Seizures Medical Source Statement." R. 367–70; *see also* R. 331 (reflecting Dr. Khan's credentials). Dr. Khan noted that Plaintiff experiences one to two seizures a month with a recovery time of one to two days. R. 367–68.[4]

V.  **DISCUSSION**

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly consider Plaintiff's absenteeism from work as a result of his epilepsy. *Plaintiff's Brief*, ECF No. 15. This Court agrees.

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. § 416.945(a)(1). At the administrative hearing stage, it is the administrative law judge who is charged with determining the claimant's RFC. 20 C.F.R. § 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ must assess "the nature and extent" of a claimant's mental and/or physical limitations "and then determine [that claimant's capacity] for work activity on a regular and continuing basis." 20 C.F.R. § 416.945(b), (c); *see also* SSR 96-8p ("A 'regular and continuing basis' means 8 hours a day, for

---

[4] The form completed by Dr. Khan is very difficult to read, but the parties and the ALJ agree to these particular findings by Dr. Khan. *See* R. 20; *Plaintiff's Brief*, ECF No. 15, p. 4; *Defendant's Brief Pursuant to Local Civil Rule 9.1*, No. 16, p. 5.

8

5 days a week, or an equivalent work schedule.”). The ALJ also must consider all the evidence. *Plummer*, 186 F.3d at 429. However, the ALJ need include in the claimant’s RFC only “credibly established” limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include “a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record” but “[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason” and stating that “the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible”).

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: can occasionally climb ramps and stairs; can never climb ropes, ladders, scaffolds; can occasionally balance, stoop, kneel, crouch, crawl; can never be exposed to unprotected heights, moving mechanical parts, operating a motor vehicle; no exposure to vibrations as well as loud and very loud noise levels; and *would be absent from work one day a month*.

R. 18 (emphasis added). In reaching this determination, the ALJ considered Dr. Khan’s opinion as follows:

> Dr. Khan opined the *claimant experienced one to two seizures a month, with a recovery time of one to two days*. (6F). Dr. Khan also noted the claimant was the claimant was [sic] able to perform work greater than light. The undersigned finds Dr. Khan’s opinion to be persuasive only with regard to the *claimant’s seizure activity occurring approximately once per month.* This opinion is supported by the evidence in the record. However, *due to the seizures and recovery time*, the record indicates the claimant would be *limited to sedentary work.*

R. 20 (emphasis added).

In challenging this RFC determination, Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's absenteeism. *Plaintiff's Brief*, ECF No. 15. Plaintiff specifically argues that the ALJ failed to build an accurate bridge between the evidence and his conclusion that Plaintiff would be absent from work only one day per month; that the ALJ improperly relied on his own lay opinion that Plaintiff would be absent from work only one day per month instead of Dr. Khan's contrary opinion; that the ALJ failed to adequately account for Plaintiff's post-seizure "recovery time"; and that the ALJ failed to adequately address the required regulatory factors of supportability and consistency[5] when analyzing Dr. Khan's opinion. *Id.*

For her part, the Acting Commissioner contends that, in finding an opinion persuasive, an ALJ need not adopt every assessment contained therein and that, in any event, the ALJ found Plaintiff more limited than did Dr. Khan, who found that Plaintiff remained capable of performing greater than light exertional work. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16, pp. 8–10. The Acting Commissioner further argues that the ALJ did not err in accounting for Plaintiff's absenteeism or in considering Dr. Khan's opinion regarding Plaintiff's seizures, insisting that the ALJ was not required to adopt that opinion wholesale and that the ALJ

---

[5] For claims like Plaintiff's—*i.e.,* filed after March 27, 2017—the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 416.927 *with* 20 C.F.R. § 416.920c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 416.920c(c). "[T]he most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id.* at § 416.920c(a).

discussed evidence that corroborated the ALJ's RFC restriction which allowed one absence per month due to seizures. *Id.* at 10–12.

The Acting Commissioner's arguments are not well taken. As a preliminary matter, the ALJ relied upon a mischaracterization or an unexplained rejection of Dr. Khan's opinion when crafting the RFC determination. The ALJ expressly acknowledged that Dr. Khan stated, *inter alia*, that Plaintiff "experienced *one to two seizures a month*" and noted that the opinion "is supported by the evidence in the record." R. 20 (emphasis added). However, the ALJ nevertheless inexplicably also concluded that Dr. Khan's opinion was "persuasive only with regard to the claimant's seizure activity occurring *approximately once per month*." *Id.* (emphasis added). The ALJ may have inadvertently misrepresented the number of seizures that Plaintiff experienced each month, but substantial evidence does not support the ALJ's decision when it relies on a mischaracterization of the evidence. *See Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) ("[T]he ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'") (quoting *Morales*, 225 F.3d at 317); *cf. DeJesus v. Kijakazi*, No. 20-CV-06115-RAL, 2022 WL 1062914, at *10 (E.D. Pa. Apr. 8, 2022) ("By dismissing Dr. Kingry's opinion through conclusory statements, mischaracterizations of record evidence, lay opinions, and failure to resolve contradictory evidence, the ALJ's conclusion does not survive scrutiny even under the less restrictive 2017 regulations. A remand is warranted."); *Murphy v. Comm'r of Soc. Sec.*, No. 1:19-CV-20122, 2020 WL 7022746, at *6 (D.N.J. Nov. 30, 2020) ("The ALJ's reliance on this misconception, along with other unsupported mischaracterizations of Plaintiff's physical abilities . . . permeates the ALJ's decision. As stated above, these errors cannot be separated from the ALJ's analysis of other record evidence such that the Court may determine whether substantial evidence supports the ALJ's RFC analysis.").

To the extent that the ALJ's finding regarding the number of seizures was not an inadvertent mischaracterization of Dr. Khan's opinion but an implicit rejection of that physician's finding, the ALJ provided no explanation for that rejection. *See* R. 20. Although the Acting Commissioner contends that the ALJ "was not required to adopt every assessment" contained in Dr. Khan's opinion, *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16, p. 9, an ALJ must in all events explain his reasoning for rejecting this critical evidence even under the new regulations. *See Cotter*, 642 F.2d at 704–05; *Morales*, 225 F.3d at 317; *Brownsberger v. Kizakazi*, No. 3:20-CV-01426, 2022 WL 178819, at *6–7 (M.D. Pa. Jan. 18, 2022) (finding that substantial evidence did not support the ALJ's assessment of medical opinions where the ALJ "makes no effort to compare or support their opinions with the record. . . . The ALJ does not provide any citations to specific evidence on the record to explain his reasoning and does not explain how he evaluated the opinions regarding the supportability and consistency factors"); *Tavarez v. Saul*, No. 3:20-CV-00321, 2021 WL 3077501, at *6 (M.D. Pa. July 21, 2021) ("The ALJ rejected evidence for no reason in this case, failing to satisfy the requirement that he explain the supportability factor for Dr. Betts's medical opinion. (Doc. 17-2, at 32); *see* 20 C.F.R. § 416.920c(b)(2). Remand is necessary to resolve this issue.").

      The ALJ's failure to include a full accommodation for recovery time from seizures in the RFC, and his failure to explain this omission, is similarly deficient. The ALJ acknowledged—and apparently accepted—Dr. Khan's opinion that Plaintiff needed one to days of recovery time after experiencing a seizure. R. 20 (noting that Dr. Khan found that Plaintiff has "a recovery time of one to two days" and that "due to seizures and recovery time, the record indicates the claimant would be limited to sedentary work"). Nevertheless, the ALJ failed to include in the RFC up to

12

two days' absence from work per month as a result of his seizures. R. 18 (providing, *inter alia*, that Plaintiff would be absent from work one day a month).

     This failure, as well as the failure to explain this omission, cannot be viewed as harmless. Notably, the vocational expert expressly testified that employers would not tolerate more than one day's absence per month, especially if the absences occurred on a regular basis. R. 49; *see also Hart v. Comm'r of Soc. Sec.*, No. CV 20-1786, 2022 WL 1104641, at *4 (W.D. Pa. Apr. 13, 2022) (remanding case where, *inter alia*, "[t]he ALJ simply did not discuss, in any appreciable manner, the alleged need to take time off after a seizure to recover and the impact of that on Plaintiff's ability to work").

     Finally, to the extent that the Acting Commissioner raises additional reasons why the ALJ properly discounted portions of Dr. Khan's opinion, *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 16, pp. 9–12, the Court cannot accept these *post hoc* arguments where the ALJ did not himself rely on these rationales in his decision. *See* R. 18–24. *See also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) ("Our review must also be based on 'the administrative record [that was] already in existence' before the agency, not 'some new record made initially in the reviewing court' or 'post-hoc rationalizations' made after the disputed action.") (quoting *Rite Aid of Pa., Inc. v. Houstoun*, 171 F.3d 842, 851 (3d Cir. 1999)); *Fargnoli*, 247 F.3d at 44 n.7 (3d Cir. 2001) (stating that a district court should not substitute its own independent analysis for reasoning not mentioned by the ALJ) (citations omitted); *Rhodes v. Comm'r of Soc. Sec.*, No. CV 18-0678, 2019 WL 1042532, at *6 (D.N.J. Mar. 5, 2019) ("The Court is only permitted to consider the ALJ's decision based on the rationale contained in that decision; the Court is not to consider

hypothetical rationales, which may justify the ALJ's decision, but which were not in fact underlying the opinion in question.") (citation omitted).

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[6] Moreover, remand is appropriate even if, upon further examination of Dr. Khan's opinion and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

---

[6] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Khan's opinion and the RFC determination, the Court does not consider those claims.

14

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  January 20, 2023                                    *s/Norah McCann King*
                                                                    NORAH McCANN KING
                                                          UNITED STATES MAGISTRATE JUDGE